# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MARTIN GODBERSEN,<br><br>    Defendant. | No. CR05-4062-MWB<br><br>**DETENTION ORDER** |

This matter came on for detention hearing on May 23, 2005. Assistant U.S. Attorney John Lammers appeared on behalf of the plaintiff (the "Government"). The defendant Martin Godbersen appeared in person with his attorney, Assistant Federal Defender Priscilla Forsyth. The Government offered the testimony of Task Force Officer Shawn Jensen.

The court must determine whether any condition or combination of conditions will reasonably assure Godbersen's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950, 107 S. Ct. 436 (mem.), 93 L. Ed. 2d 385 (1986); *United States v. Garcia*, 801 F. Supp. 258, 260 (S.D. Iowa 1992).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Godbersen as required and the safety of the community if the court finds there is probable cause to believe Godbersen committed an offense

for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. This presumption is subject to rebuttal by Godbersen. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause element of section 3142(e) which triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988). A grand jury's indictment provides the probable cause required under 18 U.S.C. § 3142(e) to trigger the rebuttable presumption of risk of flight and danger to the community. *See United States v. Garcia*, 801 F. Supp. 258 (S.D. Iowa 1992) (citations omitted).

In the present case, the evidence indicates Godbersen is a life-long resident of the Sioux City, Iowa, area, and the Government offered no evidence that he is a flight risk. The evidence also indicates Godbersen has several prior felony drug convictions, and he was on electronic monitoring from another charge at the time of his arrest on the present charges. The Government's case against Godbersen appears to be quite strong, and Godbersen has failed to offer any evidence to rebut the presumption that he would be a danger to the community. The presumption arises from the charge itself – a serious drug charge involving the manufacture and distribution of a significant quantity of methamphetamine. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985); *United States v. Williams*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Daniels*, 622 F. Supp. 178, 179 (N.D. Ill. 1985); *United States v. Jones*, 614 F. Supp. 96, 97-98 (E.D. Pa. 1985)). Viewing the record as a whole, the court finds nothing to indicate Godbersen would be able to refrain from continuing to engage in criminal activities if he were released.

Accordingly, the court finds the Government has not proved by a preponderance of the evidence that Godbersen is a flight risk, but has proved by clear and convincing evidence that Godbersen would be a danger to the community if released. Therefore, the court finds the following:

1. Godbersen is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Godbersen reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Godbersen to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Godbersen must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 23rd day of May, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT